

SO ORDERED,

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: January 3, 2017**

**The Order of the Court is set forth below. The docket reflects the date entered.**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE:   S&P ENTERPRISES, LLC d/b/a** | **CASE NO. 13-51807-KMS** |
| **Regency Inn & Suites** | |
| | **CHAPTER 11** |
| **DEBTOR** | |
| **H. KENNETH LEFOLDT, JR.,** | **PLAINTIFF** |
| **Litigation Agent for S&P Enterprises, LLC** | |
| **V.** | **ADV. NO. 15-05004-KMS** |
| **DIPAK K. AMANDAVIA** | **DEFENDANT** |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Before the Court is the Motion for Summary Judgment (Adv. Dkt. No. 37)[1] filed by

Plaintiff H. Kenneth Lefoldt, Jr. Defendant Dipak Amandavia did not respond to the motion.

Having considered the pleadings, exhibits, and the record, the Court finds that the Motion for

Summary Judgment should be granted.

---

[1] Unless stated otherwise, citations to the record are as follows: (1) citations to docket entries in the adversary proceeding, Adv. Proc. No. 15-05004-KMS, are cited as "Adv. Dkt. No. ___"; and (2) citations to docket entries in the main bankruptcy case, Case No. 13-51807-KMS, are cited as "Dkt. No. ___".

## I. Jurisdiction

The Court has jurisdiction over the parties to and the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The main bankruptcy case has closed, but the Court retained jurisdiction over this adversary proceeding considering "economy, convenience, fairness, and comity." *Querner v. Querner (In re Querner)*, 7 F.3d 1199, 1202 (5th Cir. 1993).

## II. Findings of Fact[2]

The Debtor S&P Enterprises, LLC ("S&P") has three members, who each owned one third of the company: Kishan Shah, Dipak Amandavia, and Jayesh Patel. S&P acquired a Regency Inn & Suites in December of 2006 and operated it as "an approved government hotel – meaning that government employees would make reservations to stay in the hotel and the government would pay the room rental rate"— with largely military clientele. Adv. Dkt. No. 1 at 3. Shah managed the day-to-day operations of the hotel.

S&P filed a petition for Chapter 11 bankruptcy relief on September 16, 2013. Dkt. No. 1. At the time of filing, the hotel property was subject to a first mortgage held by Ciena Capital, LLC ("Ciena"), and a second mortgage held by Stone Foundation, LLC ("Stone"). Adv. Dkt. No. 1 at 3. During the two years prior to filing, the members withdrew several hundred thousand dollars from S&P's operating account for use in another business owned by the members. According to Shah, S&P filed because Stone intended to foreclose on the hotel property because S&P had fallen behind in its payments. Adv. Dkt. No. 37-1 at 2. S&P was also behind on its payments to Ciena, and the occupancy of the hotel was down between thirty and forty percent. Adv. Dkt. No. 37-1 at 2.

---

[2] Pursuant to Federal Rule of Civil Procedure 52, made applicable here by Federal Rules of Bankruptcy Procedure 9014(c) and 7052, the following constitutes the findings of fact and conclusions of law of the Court.

On October 22, 2013, the Court granted S&P's motion to hire H. Kenneth Lefoldt, Jr., and his firm as accountants for the debtor. Dkt. No. 91. On June 23, 2014, the Court confirmed S&P's Chapter 11 Plan. Dkt. No. 208. The Plan called for each member to contribute $300,000.00 to S&P to maintain their interest and in settlement of potential avoidance actions. Dkt. No. 208 at 15. The Plan also named Lefoldt as litigation agent and granted him "the exclusive right and authority to pursue on behalf of the Debtor any applicable causes of action against a Member who does not settle." Dkt. No. 208 at 11, 27. Neither Amandavia nor Patel paid the $300,000.00, and their membership interests were cancelled through the Plan. Lefoldt, as litigation agent, filed adversary complaints against Amandavia and Patel on January 22, 2015. Dkt. Nos. 238, 239. S&P's bankruptcy case closed on September 23, 2016. Dkt. No. 269.

As against Amandavia, Lefoldt brought a claim to avoid the transfer of $152,294.00 in a series of transactions in the two years preceding S&P's bankruptcy filing. Adv. Dkt. No. 1 at 6-7. Lefoldt alleged that

> [S&P] did not derive any value from [Amandavia] for the Withdraws, [sic] thus, [S&P] did not receive "reasonably equivalent value" for the Withdrawals and the transfers were made at a time that [S&P] was insolvent or was in such a financial condition that [S&P] had unreasonably small capital or was not able to meet its debts as they matured. . . .

Adv. Dkt. No. 1 at 8. Amandavia answered the complaint on March 10, 2015. Adv. Dkt. No. 7. After a brief stay of the proceedings to allow the parties to discuss settlement of the claim, Amandavia's counsel withdrew from the representation. *See* Adv. Dkt. Nos. 16, 24. Amandavia did not obtain new counsel and appeared pro se in this matter thereafter. On October 7, 2016, Lefoldt filed a motion for summary judgment. Adv. Dkt. No. 37. Amandavia did not respond.

### III. Conclusions of Law

A. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* Fed. R. Bankr. P. 7056 (applying Rule 56[3] to adversary proceedings). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the non-moving party." *Ginsberg 1985 Real Estate P'ship v. Cadle Co.*, 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted). The moving party bears the initial responsibility of apprising the court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Once the moving party presents the . . . court with a properly supported summary judgment motion, the burden shifts to the non-moving party to show that summary judgment is inappropriate." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). But the nonmovant must meet his burden with more than metaphysical doubt, conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). A party asserting a fact is "genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials. . . ." Fed. R. Civ. P. 56(c)(1)(A).

---

[3] For convenience, references to the Federal Rules of Civil Procedure are shortened to "Rule ___".

Summary judgment must be rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. But "summary judgment cannot be supported solely on the ground that [the non-moving party] failed to respond to [the] motion for summary judgment." *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985). When a party does not respond to a motion, the court may "accept[] as undisputed the facts so listed in support of [the] motion for summary judgment" and grant the motion if those facts make "a *prima facie* showing of . . . entitlement to judgment." *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

B. Admissions

Rule 36[4] provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). On April 10, 2015, Lefoldt filed notice with the Court that he had propounded his request for admissions. Adv. Dkt. No. 9. Amandavia did not respond to the request for admissions served on him by Lefoldt within thirty days, or at all. Adv. Dkt. No. 38 at 5. Therefore, all matters in the request for admissions are deemed admitted.

Rule 56 provides that a party may support its factual position by citation to admissions, including matters deemed admitted. Fed. R. Civ. P. 56(c)(1)(A); *Carney v. IRS (In re Carney)*, 258 F.3d 415, 420 (5th Cir. 2001). Rule 36 further provides that "[a] matter admitted under this rule is conclusively established." Fed. R. Civ. P. 36(b). Therefore, the following facts are admitted:

**REQUEST FOR ADMISSION NO. 1:**

---

[4] Rule 36 applies to adversary proceedings. Fed. R. Bankr. P. 7036.

Admit that the Defendant was an insider of S&P Enterprises, LLC dba Regency Inn & Suits (referred to herein as the "Debtor") pursuant to 11 U.S.C. § 101(31)(B) on and before September 16, 2013, the Petition Date.

**REQUEST FOR ADMISSION NO. 2:**
Admit that prior to September 16, 2013, the Petition Date, the Debtor deposited its operating funds in an account with Community Bank.

**REQUEST FOR ADMISSION NO. 3:**
Admit that prior to September 16, 2013, the Petition Date, the Defendant withdrew funds from the Debtor's operating account.

**REQUEST FOR ADMISSION NO. 4:**
Admit that the source of the funds in the Debtor's operating account prior to September 16, 2013 was a loan through NewLogic Business Loans, Inc.

**REQUEST FOR ADMISSION NO. 5:**
Admit that the reason the funds where [sic] withdrawn by the Defendant from the Debtor's operating account prior to September 16, 2013 was to support another business owned or partially owned by the Defendant.

**REQUEST FOR ADMISSION NO. 6:**
Admit that the withdrawals identified in paragraph 22 of the Complaint were withdrawn from the Debtor's funds for the benefit of the Defendant.

**REQUEST FOR ADMISSION NO. 7:**
Admit that the withdrawals identified in paragraph 22 of the Complaint were with the intent to prevent the Debtor's creditors from obtaining satisfaction of their claims against the Debtor by removing property from their reach, all within the meaning of 11 U.S.C. § 548(a)(1)(A).

**REQUEST FOR ADMISSION NO. 8:**
Admit that the withdrawals identified in paragraph 22 of the Complaint were transferred to the Defendant with the intent to delay payments to the Debtor's creditors.

**REQUEST FOR ADMISSION NO. 9:**
Admit that the withdrawals identified in paragraph 22 of the Complaint were transferred to the Defendant with the intent to hinder payment to the Debtor's creditors.

**REQUEST FOR ADMISSION NO. 10:**
Admit that the withdrawals identified in paragraph 22 of the Complaint were transferred to the Defendant with the intent to defraud the Debtor's creditors.

**REQUEST FOR ADMISSION NO. 111:**

Admit that the Debtor did not derive any value from the Defendant withdrawing the funds identified in paragraph 22 of the Complaint.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the Debtor did not receive reasonably equivalent value for the withdrawals identified in paragraph 22 of the Complaint.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the withdrawals identified in paragraph 22 of the Complaint were made at a time the Debtor was insolvent or was in such a financial condition that the Debtor had unreasonably small capital or was not able to meet its debts as they matured.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the withdrawals identified in paragraph 22 of the Complaint were made at a time the Debtor was insolvent or was in such financial condition that the Debtor had unreasonably small capital or was not able to meet its debts as they matured all within the meaning of 11 U.S.C. § 548(a)(1)(B)(i) and 548(ii)II), [sic] (II), (III) and (IV).

Adv. Dkt. No. 37-2 at 2-4.

C. Fraudulent Transfer

The Bankruptcy Code allows a trustee to "avoid any transfer . . . of an interest of the debtor in property . . . that was made . . . on or within 2 years before the date of the filing of the petition, if" certain conditions are met. 11 U.S.C. § 548(a)(1) (2005). First, the transfer may be avoided if the debtor "made such transfer . . . with actual intent to hinder, delay, or defraud" a creditor. *Id.* at § 548(a)(1)(A). Second, the transfer may be avoided if the debtor "received less than a reasonably equivalent value in exchange for such transfer" and was (1) insolvent at the time of the transfer or became insolvent because of the transfer, (2) undercapitalized after the transfer, (3) unable to pay future debts after the transfer, or (4) "made such transfer to or for the benefit of an insider . . . under an employment contract and not in the ordinary course of business." *Id.* at § 548(a)(1)(B). Lefoldt brings claims under both sections of Section 548(a)(1). Based on the above admissions, it

7

is evident that the withdrawals of funds by Amandavia satisfy the elements of both subsections and qualify as fraudulent transfers under the Bankruptcy Code that may be avoided.

**IT IS HEREBY ORDERED THAT** the Motion for Summary Judgment is GRANTED. A final judgment dismissing the adversary proceeding will follow in accordance with Federal Rule of Civil Procedure 58 as applied by Federal Rule of Bankruptcy Procedure 7058.

*##END OF ORDER##*